10-4846-cv
American Home Ass. v. Wallenius Wilhelmsen

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -x

AMERICAN HOME ASSURANCE COMPANY,
> <u>Plaintiff-Appellant</u>,

> -v.-                                                    10-4846-cv

WALLENIUS WILHELMSEN LINES A.S.,
WALLENIUS WILHELMSEN LOGISTIC A.S.,
WALLENIUS WILHELMSEN LOGISTICS
AMERICAS, LLC, WILHELMSEN LINES
SHIPOWNING, WILHELMSEN SHIP
MANAGEMENT SINGAPORE, in personam,
> <u>Defendants-Cross Claimants-
> Cross Defendants-Appellees</u>,

GARRISON SHIPPING CO. LTD., in persona,
M/V BLSE ENDURANCE, in rem, M/V
TAMPA, in rem, M/V TARONGA, in rem,
M/V TAPIOLA, in rem,
> <u>Defendants</u>.

- - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        MATTHEW T. LOESBERG, Marshall,
                                Dennehey, Warner, Coleman & Goggin,
                                New York, New York.

FOR DEFENDANTS-APPELLEES:       GARTH S. WOLFSON, Mahoney & Keane,
                                LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-appellant American Home Assurance Company, a subrogee of Caterpillar, Inc., appeals from the district court's March 16, 2010 opinion and order limiting defendants-appellees' potential liability to $2,000.  Judgment was entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure on November 5, 2010.  We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.

On September 9, 2009, American Home Assurance commenced this action seeking $170,729.16 for damage to four vehicles shipped by defendants on behalf of Caterpillar on separate ocean voyages between ports in Savannah, Georgia, Australia, Germany, and Japan.  Defendants moved for partial summary judgment, pursuant to the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 note, to limit liability to $500 per unpackaged vehicle.

We review an order granting partial summary judgment <u>de novo</u> to determine whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law.  <u>See</u> <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all

permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).  After reviewing the record, we conclude, for substantially the reasons set forth by the district court, that defendants' liability is capped at $2,000.

The parties agree that the four vehicles were shipped pursuant to bills of lading that included a clause that provided as follows:

> [i]f U.S. COGSA applies to the contract evidenced by this bill of lading, the carrier's liability is limited to U.S. $500 per package, or for Goods not shipped in packages, per customary freight unit, unless a higher value is declared in the Declared Value box on the face of the bill of lading and a higher freight is paid.  Each unpackaged vehicle or other piece of unpackaged cargo on which freight is calculated constitutes one customary freight unit.

The purpose of COGSA is to "limit liability of common carriers for damage to cargo where the value of the cargo is not known to the carrier." Gen. Motors Corp. v. Moore-McCormack Lines, Inc., 451 F.2d 24, 26 (2d Cir. 1971) (per curiam).  COGSA provides that neither the carrier nor the ship shall be liable for any loss or damage to goods in an amount over $500 per package, or in the case of goods not shipped in packages, per customary freight unit (the "CFU"), unless the nature and value of the goods have been declared by the shipper before shipment and inserted in the bill of lading.  46 U.S.C. § 30701 note.

If a company such as Caterpillar wants to avoid the $500 limit, it can declare a higher value for its cargo, thereby "alerting the carrier of its potential liability and allowing it to charge extra freight, if appropriate." Moore-McCormick, 451 F.2d at 26. Caterpillar did not make such a declaration here.

In fact, each of the three bills of lading submitted has a section labeled "Declared Value," next to which is a section labeled "Extra Charge." Nothing was written in the Declared Value section, and the word "none" was typed in the Extra Charge section. For the fourth shipment, American Home Assurance submitted a dock receipt and the shipper's packing list. These documents do not indicate a declared value for the shipment, and American Home Assurance does not challenge defendants' assertion that the bills of lading do not recite a higher value for the cargo.

The parties agree that: COGSA applies; the vehicles were shipped unpackaged; and the freight for each was calculated by cubic meter. The single question on appeal is whether the CFU for each of the four vehicles shipped is the vehicle itself or the freight rate as calculated by cubic meter. If the CFU is each vehicle, liability is capped at $2,000. If the CFU is the cubic meters the vehicle occupied, as American Home Assurance suggests, liability would be higher.

COGSA does not define the term "customary freight unit." Accordingly, this Court has explained that "[t]o determine the customary freight unit for a particular shipment,

the district court should examine the bill of lading, which expresses the 'contractual relationship in which the intent of the parties is the overarching standard.'" FMC Corp. v. S.S. Marjorie Lykes, 851 F.2d 78, 80 (2d Cir. 1988) (quoting Allied Int'l. v. S.S. Yang Ming, 672 F.2d 1055, 1061 (2d Cir. 1982)). In short, the intent of the parties, as discerned from the bill of lading, controls. Id. at 81. "Absent any ambiguity" in the bill of lading, "the inquiry is ended, and both parties are bound to the freight unit therein adopted." Id.

The most natural reading of the relevant part of Clause 10 -- "[e]ach unpackaged vehicle or other piece of unpackaged cargo on which freight is calculated constitutes one customary freight unit" -- is that each unpackaged vehicle is a CFU, regardless of whether the vehicle's freight charge is determined by reference to its volume. See FMC Corp., 851 F.2d at 81 (holding each fire engine shipped to be a CFU for COGSA purposes); see also Vision Air Flight Serv., Inc. v. M/V Nat'l Pride, 155 F.3d 1165, 1170 (9th Cir. 1998) ("Each unpackaged refueling truck is properly defined as a customary freight unit under COGSA, and the district court therefore did not err in holding that the bill of lading properly invoked COGSA's liability limitation."); Caterpillar Overseas, S.A. v. Marine Transp. Inc., 900 F.2d 714, 723 (4th Cir. 1990) ("[W]e have no difficulty in concluding that the tractor in this case qualified as a 'customary freight unit' under COGSA. Common sense dictates as much as each vehicle was shipped as a single unit.

-5-

Moreover, nothing in the service contract or the bills of lading suggests that occupied space, as measured by cubic meter, constitutes the CFU. That lump sum totals are based on the ton or cubic meter does not render the ton or cubic meter the CFU. See Moore-McCormick, 451 F.2d at 26 ("Although, as GM claims, the 40 cubic foot ton is one factor utilized in computing the charge, it does not thereby become the freight unit for the transaction. Analysis of the relevant factors supports the view of the district court that the entire power plant was the freight unit."). In addition, none of the cases American Home Assurance relies upon has held that the freight rate was the CFU when there was, as here, a contrary CFU definition in the bill of lading. Furthermore, the phrase "on which freight is calculated" makes clear that the parties intended that the unpackaged vehicle was the CFU. Accordingly, if American Home Assurance proves liability, its recovery is limited to $500 per vehicle.

We have considered American Home Assurance's other arguments and conclude they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-6-